UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
Travis Jerome-Peters

        Plaintiff,

        -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER WILLIAM REDDIN Shield 18523, POLICE OFFICERS JOHN DOE # 1 through approximately # 10, the names being fictitious and presently unknown, in their individual and official capacities as employees of the City of New York Police Department

        Defendants.
-----------------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

CV 13-2672

The Plaintiff, Travis Jerome-Peters, by his attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Police Officer Reddin and Police Officers John Doe # 1-5, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

## VENUE

3. Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the defendant NEW YORK CITY POLICE OFFICER REDDIN, has his Precinct within the boundaries of

the said District and because said district is where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

4. Plaintiff at all times relevant hereto resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officer Reddin and/or additional defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. According to information and belief, at the time of this incident Plaintiff was a 29 year old US Citizen and father working part-time to support his family.

12. On 8 May 2010, at approximately 11pm, in the vicinity of 58 Bainbridge Street, in Kings County, Plaintiff was legally parked, seated in his vehicle, with an acquaintance Deshawn Powell who lived nearby.

13. Reddin walked past Plaintiff and observed no suspicious activity.

14. Reddin then turned around and approached Powell and said "Remember me?" and without legal cause or justification instructed Powell to exit the vehicle and then placed Powell under arrest and handcuffed Powell.

15. Without legal cause or justification Defendant Reddin then instructed Plaintiff to exit the vehicle and then instructed Plaintiff to sit on the curb and remain there.

16. Reddin then illegally searched the vehicle without permission or authority.

17. Reddin then called for backup and continued to illegally search the vehicle.

18. Reddin then illegally damaged the back seat of the vehicle and pulled the backseat off its hinges.

19. By this time at least 10 additional police officers had arrived to the scene and they spent approximately 90 minutes searching the vehicle and the trunk in full view of Plaintiff and Reddin and found no contraband.

20. Plaintiff then asked Reddin if Reddin could get Plaintiff's skull-cap from the back of the vehicle because Plaintiff was cold.

21. Reddin then went inside the back of the vehicle, found Plaintiff's skull-cap, and then proceeded to the trunk of the vehicle.

22. Reddin then placed a handgun in the trunk of the vehicle and removed said handgun from the trunk. Reddin then placed the handgun inside Plaintiff's skull-cap and wrapped the skull-cap around the gun in order to place Plaintiff's DNA on the gun.

23. Reddin then informed the other officers of the gun and additionally claimed he found narcotics.

24. Reddin and his co-defendants then tackled Plaintiff to the ground without any justification and cuffed Plaintiff behind the back.

25. When Plaintiff complained that the left cuff was too tight, Reddin and his co-defendants purposely tightened the left hand cuff even more, causing injury, pain and suffering to Plaintiff.

26. Reddin and his co-defendants then hoisted Plaintiff up by Plaintiff's left shoulder, causing bruising, inflamation injury, pain, and suffering to Plaintiff's left shoulder.

27. Reddin and his co-defendants then placed Plaintiff and Powell in the back of a police car.

28. While Powell was in the backseat of the police car, Powell was able to pull his cellphone from his back pocket and make a distress call. Powell was able to speak with NYPD Internal Affairs about Reddin's illegal activity.

29. Plaintiff and Powell were then transported to the 81 Precinct where they remained overnight.

30. While at the precinct, Plaintiff was denied food.

31. While at the precinct, Plaintiff was denied proper medical treatment.

32. Plaintiff remained falsely incarcerated for approximately over 24 hours before he was arraigned in Kings County Criminal Court under Kings County Docket 2010KN037262, which was subsequently dismissed by the Kings County District Attorney due to Reddin's false arrest of and multiple acts of perjury and police misconduct and bad acts to Plaintiff.

33. On 9 May 2010 Reddin continued his bad acts when he was interviewed by the Kings County DA Early Case Assessment Bureau and informed the screener that a loaded firearm was recovered from the trunk of a car during an inventory search at the 81 precinct.

34. On 9 May 2010 Reddin continued his bad acts by falsely swearing out a Criminal Court Complaint that the firearm was recovered at the 81 precinct.

35. On 21 May 2010 Reddin continued his bad acts by testifying in the Grand Jury that he searched the vehicle at 58 Bainbridge Street and recovered the firearm at that time.

36. On 3 November 2010 Reddin continued his bad acts by testifying in the Grand Jury that he got the firearm from the console of the vehicle, not the trunk.

37. On 15 June 2011 Reddin continued his bad acts by testifying in a Huntley Hearing that the firearm was recovered from a black hat in the trunk.

38. On 12 July 2011 Reddin continued his bad acts by informing a Kings County Assistant District Attorney (ADA) during trial prep that he recovered the firearm in the trunk at 58 Bainbridge Street.

39. On 12 July 2011 Reddin continued his bad acts when he stated to the ADA that he never told the screener that the firearm was recovered during an inventory search at the 81 precinct.

40. On 12 July 2011 Reddin continued his bad acts when he stated that he signed the Criminal Court Complaint attesting to the fact that the firearm was recovered during an inventory search at the 81 precinct without reading it.

41. All charges against Deshawn Powell were dismissed.

42. Deshawn Powell initiated a claim against the City for this case and the City settled the case.

43. Plaintiff was forced to appear in court approximately 30 times defending this false arrest.

44. As the case progressed, Plaintiff was forced to witness the Huntley hearing during which Reddin committed acts of police misconduct, perjury, and related bad acts.

45. As the case progressed, Plaintiff was subjected to regular acts of malicious prosecution, threats and harassment that his time was coming and that he was eventually going to jail.

46. Due to this case, Plaintiff was unable to gain regular employment because of the multitude and regularity of his court appearances.

47. As the case progressed, Plaintiff lost an employment opportunity at the Home Depot when a family member and employee of Home Depot found said job opportunity for Plaintiff, who had to turn it down due to a specific upcoming court appearance and the additional the multitude and regularity of his court appearances.

48. As the case progressed, Plaintiff enrolled in and graduated from a Culinary Class at Kingsboro Community College and received a Certificate in Culinary Arts. Upon graduation, Plaintiff was offered employment / placement, including but not limited to an opportunity at Nathan's Famous, but had to turn it down due to a specific upcoming court appearance and the additional the multitude and regularity of his court appearances.

49. Reddin and his accomplices violated Plaintiff's rights, and treated him as if he were less than human.

50. Plaintiff's arrest was committed without legal process and without probable cause.

51. Reddin and defendants acted maliciously and intentionally, and are examples of gross police misconduct.

52. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Plaintiff suffered injuries including but not limited to assault and battery, emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury an suffering.

53. Some of Reddin's misconduct is outlined in *Attachment 1*: Kings County DA Brady Letter regarding this case.

54. Plaintiff was forced to spend approximately between $15,000 and $20,000 in legal fees defending this false arrest.

## FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

55. Paragraphs 1 through 31 are herein incorporated by reference.

56. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

57. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

58. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY)

59. Paragraphs 1 through 58 are incorporated herein by reference.

60. Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants.

61. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

62. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

63. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

64. Defendant CITY OF NEW YORK has damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

65. Defendants subjected Plaintiff to false arrest and false imprisonment.

66. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

67. Paragraphs 1 through 66 are incorporated herein by reference.

68. Defendant Officer Reddin illegally arrested Plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty with probable cause.

69. That as a result of the foregoing, the Plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and

Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

70. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

71. Paragraphs 1 through 70 are incorporated herein by reference.

72. Defendant Officer Reddin illegally arrested Plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty with probable cause.

73. That as a result of the foregoing, the Plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

74. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FIFTH CAUSE OF ACTION
(ASSAULT)

75. Paragraphs 1 through 74 are incorporated herein by reference.

76. That the Court has pendant jurisdiction of this claim.

77. That as a result of the foregoing, the defendant Officer Reddin intentionally put Plaintiff in fear and fright of imminent physical harm.

78. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants Reddin, NEW YORK CITY POLICE DEPARTMENT, and CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## SIX CAUSE OF ACTION
(BATTERY)

79. Paragraphs 1 through 78 are incorporated herein by reference.

80. Defendant Reddin battered the Plaintiff.

81. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants Reddin, NEW YORK CITY POLICE DEPARTMENT, and CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## SEVENTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

82. Paragraphs 1 through 81 are incorporated herein by reference.

83. Defendants caused a false accusatory instrument to be filed against Plaintiff.

84. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

85. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

86. Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: _____ May 2013
New York, New York

_____
Gregory Zenon, The Law Office of Gregory Zenon
110 Wall Street, 11th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff

# ATTACHMENT 1: Kings County DA Brady Letter



OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY

RENAISSANCE PLAZA at 350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718) 250-2238

**CHARLES J. HYNES**
*District Attorney*
Julie DeGenaro
Assistant District Attorney

Re:  People v. Nizam Shinn and Chaka Virgil
       Indictment Number 880/2012

Dear Sirs:

The following is a disclosure pursuant to Brady concerning Police Officer William Reddin.

5/8/10 PO Reddin made an arrest of Deshawn Powell and Jerome Peters in the confines of the 81 precinct at 58 Bainbridge Street. Drugs and a firearm were recovered.
5/9/10 PO Reddin is interviewed by ECAB and informs the screener that a loaded firearm was recovered from the trunk of a car during an inventory search back at the 81 precinct
5/9/10 PO Reddin signs a Criminal Court Complaint that reflects the firearm was recovered in a TFO at the 81 precinct.
5/21/10 PO Reddin testifies in the Grand Jury presentation and testifies that he searched the vehicle at 58 Bainbridge Street and recovered the firearm at that time.
11/3/10 PO Reddin testifies in a Grand Jury re-presentation and adds that he got the firearm from the console of the vehicle, not the trunk.
6/15/11 PO testifies in a Huntley Hearing that the firearm was recovered from a black hat in the trunk.
7/12/12 PO Reddin informs an ADA during trial prep that he recovered the firearm in the trunk at 58 Bainbridge Street.
7/12/12 PO Reddin stated that he never told the screener that the firearm was recovered during an inventory search at the 81 precinct.
7/12/12 PO Reddin stated that he signed the Criminal Court Complaint attesting to the fact that the firearm was recovered during an inventory search at the 81 precinct without reading it.

Very truly yours,

Julie DeGeanro
Assistant District Attorney
King's County District Attorney's Office